UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CAROLYN CASTERLINE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-210 |
| | § | |
| INDY MAC/ONE WEST, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this day came to be considered the Plaintiff's Motion to Strike Defendants' Answer As Untimely, filed August 26, 2010. (D.E. 11.) Plaintiff argues the Court should strike Defendant's Answer as untimely pursuant to Fed. R. Civ. P. 12(f), and that the clerk should enter a default judgment against Defendant pursuant to Fed. R. Civ. P. 55(a).[1] For the reasons explained below, Plaintiff's Motion is DENIED.

### I.  Applicable Law

Under Rule 12(f), the court may, on its own or upon timely motion from a party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A Rule 12(f) motion to strike is "the primary mechanism for objecting to an insufficient defense." Puckett v. United States, 82 F. Supp. 2d 660, 663 (D. Tex. 1999). "Generally, motions to strike are viewed with disfavor, as a potentially dilatory tactic." Id. (citing 5A CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380, at 647). See also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, 677 F.2d 1045, 1057 (5th Cir. 1982)

---

[1] Plaintiff has also filed a separate request for default judgment seeking entry of default judgment due to Defendant's failure to file an answer 21 days after service pursuant to Rule 55(a). (D.E. 8.)

Under Rule 55(a), the clerk must enter a default judgment against a party when a party against whom a judgment is sought "has failed to plead or otherwise defend" against a complaint within the allotted time limit, and "that failure is shown by affidavit or otherwise" Fed. R. Civ. P. 55(a). In all other cases, the party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). "Factors a court may consider in deciding whether to enter a default include whether the default was willful, whether denial of default will prejudice the plaintiff, and whether a meritorious defense is presented." Simmons v. Able Sec. & Investigations, Inc., 2004 U.S. Dist. LEXIS 26273, at *3 (N.D. Tex. Dec. 1, 2004) (citing Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000); Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998)). " "Any doubt should, as a general proposition, be resolved in favor of the [party defaulting] to the end of securing a trial upon the merits." " Id. at *4 (quoting Lacy, 227 F.3d at 292).

## II.   Analysis

The Plaintiff filed her complaint with this Court on June 6, 2010. (D.E. 1.) Defendant did not file an answer until August 11, 2010, more than 21 days later. (D.E. 9.) Plaintiff therefore argues the answer is untimely and that this warrants striking the answer and entering a default judgment against Defendant. (D.E. 11, p. 1-2.) However, the time to respond to the complaint is measured from the date service becomes effective. See Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer…within 21 days after being served with the summons and complaint[.]") Here, there is no evidence service of process was perfected on the Defendant. Summons was issued as to Defendant June 24, 2010. But no return of service of summons was executed. Service of process was likely improper.[2] In any case, "[a]s a general

---

[2] Plaintiff sent a copy of the summons and complaint to Defendant by mailing them to what she believed was Defendant's headquarters in Pasadena, CA, addressing the materials to "IndyMax/OneWest." (D.E. 8, Exhibit A.) Fed. R. Civ. P. 4 (h) requires delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or by following state

rule, default judgments are disfavored and should not be granted for the sole reason that the defendant failed to meet a procedural deadline." Simmons, 2004 U.S. Dist. LEXIS 26273, at *3. Motions to strike a defense are also generally disfavored in federal court. See Kaiser, 677 F.2d at 1057.

Because there is no evidence service on the Defendant was perfected and the Defendant has indicated an intent to defend against the complaint, the clerk may not enter a default judgment, and the Court declines to do so.

### III.  Conclusion

For the reasons explained above, Plaintiff's Motion to Strike Defendants' Answer as Untimely (D.E. 11) is DENIED.

SIGNED and ORDERED this 7th day of September, 2010.

_____
Janis Graham Jack
United States District Judge

---

law for serving a summons. Tex. Civ. Prac. & Rem. Code § 17.043-44 allows service on a nonresident doing business in the state of Texas by service on the person in charge, a designated agent, or by substituted service with the Secretary of State, if the entity is required to designate an agent to accept service in Texas. Mailing the complaint and summons to Defendant's out-of-state corporate headquarters was insufficient. In addition, in its Answer, Defendant denies that its corporate headquarters are located at the address listed above. Defendant also denies that it is correctly named as "IndyMac/One West Bank." Defendant now refers to itself as "One West Bank." (D.E. 9, p. 1.)