UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CAROLYN CASTERLINE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-210 |
| | § | |
| INDY MAC/ONE WEST, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court are Defendant One West Bank's Motion for Summary Judgment (D.E. 31) and Plaintiff Carolyn Casterline's Motion to Disqualify Judge (D.E. 32.) Plaintiff has not responded to Defendant's Motion for Summary Judgment. As such, it is deemed unopposed. L.R. 7.4; see also Fed. R. Civ. P. 56(e). For the reasons stated herein, Plaintiff's Motion to Disqualify (D.E. 32) is DENIED. Defendant's Motion for Summary Judgment (D.E. 31) is GRANTED.

**I.     Jurisdiction**

The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is over $75,000 and the parties are from different states. Plaintiff is from Aransas, Texas. Defendant, IndyMac/One West Bank, has its corporate headquarters in Pasadena, California. (D.E. 1, p. 1; D.E. 9, p. 1.)

**II.    Background**

Plaintiff filed her complaint with this Court on June 24, 2010. The complaint states that on June 14, 2007, Plaintiff entered a consumer contract with Defendant to refinance her home. (D.E. 1, p. 1.) Plaintiff alleges that Defendant "induced [her] to enter into a predatory loan agreement with Defendant"; "committed numerous acts of fraud against [her] in furtherance of a

carefully crafted scheme intended to defraud [her]"; "failed to make proper notices to [her] that would have given [her] warning of the types of tactics used by Defendants to defraud [her]"; charged her false fees; and caused "frivolous" collection procedures to be initiated against her. (Id. at 1-2.) Plaintiff provides no further details as to when or how Defendant committed these alleged wrongs.

According to the complaint, Defendant intended to initiate a foreclosure action on Plaintiff's property. (D.E. 1, p. 2.) The foreclosure was apparently scheduled to occur June 9, 2010. (D.E. 2). However, Plaintiff has stated the foreclosure did not occur. (September 8, 2010 hearing.)

Plaintiff brings the following causes of action: (1) Real Estate Settlement Procedures Act (no specific sections indicated); (2) Truth in Lending Act, 15 USC § 1635(a); (3) common law fraud; (4) common law negligence; (5) intentional infliction of emotional distress; (6) breach of implied covenant of good faith and fair dealing; and (7) breach of fiduciary duty. (D.E. 16-20, 10, 11).

Plaintiff seeks compensatory, consequential and other damages resulting from the Defendant's allegedly fraudulent conduct as well as statutory remedies under the Truth in Lending Act. Plaintiff seeks treble damages in the amount of $1,034,131.35. (D.E. 1, p. 20.)

Plaintiff filed her complaint with this Court on June 6, 2010. (D.E. 1.) On September 21, 2010, the Court held an Initial Pre-Trial conference. On December 2, 2010, Defendant filed a motion for summary judgment. (D.E. 31.) Plaintiff did not respond to Defendant's Motion for Summary Judgment, and it is thus deemed unopposed. L.R. 7.4.

On December 23, 2010, Plaintiff filed a Motion to Disqualify the presiding judge from continuing to act in this action. (D.E. 32.)

### III. Plaintiff's Motion to Disqualify Presiding Judge

#### A. Applicable Law

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." § 455(a). A judge shall also disqualify himself in a variety of specific circumstances, including, inter alia, "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" § 455(b).

Under 28 U.S.C. § 144, a judge must reassign a case when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." § 144. "The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." § 144.

In evaluating the affidavit, "the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matters alleged." Davis v. Bd. of Sch. Comm'rs, 517 F.2d 1044, 1051 (5th Cir. 1975); see also Stringer v. Funchess, 291 Fed. Appx. 617, 619 (5th Cir. 2008) (unpublished) (holding that plaintiff's affidavits, including statements that the presiding judges would not be fair "to any white person," were "not legally sufficient to support a recusal motion under either recusal statute" and that the district court did not abuse its discretion by denying the motions to recuse.)

A district court judge's denial of a party's motion to recuse is "implicit in the final judgment dismissing the action." Stringer, 291 Fed. Appx. at 619 (citing Norman v. Apache

Corp., 19 F.3d 1017, 1021 (5th Cir. 1994); Webber v. Fed. Bureau of Prisons, 200 Fed. App'x 335, 337 (5th Cir. 2006) (unpublished) ("The denial of the recusal motion was implicit in the entry of final judgment dismissing the complaint."))

**B.     Analysis**

Plaintiff does not indicate under which statutory provision her Motion to Disqualify is brought. No circumstances exist to alert the presiding judge of a need to recuse herself under 28 U.S.C. § 455. As such, Plaintiff's Motion to Disqualify must be analyzed under the standards of 28 U.S.C. § 144. As explained, § 144 contains specific requirements for a party filing a recusal motion. Specifically, the party must file an affidavit stating "the facts and the reasons for the belief that bias or prejudice exists[.]" § 144. And the affidavit "shall be filed not less than ten days before the beginning of the term [session] at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." § 144.

Here, Plaintiff has filed an affidavit whose contents were sworn to be true, correct and complete before a notary public. (D.E. 32, p. 6.) However, the affidavit was not filed until this lawsuit was well underway. Plaintiff does not indicate that "good cause" exists for her failure to timely file the recusal motion.

Even assuming the timeliness requirements of § 144 were met, the Court finds the recusal motion to be legally insufficient. Stringer, 291 Fed. Appx. at 619. Plaintiff's ground for disqualification is that, according to Plaintiff, at some point in December, 2010, two United States Marshals went to Plaintiff's home and to the business of Plaintiff's notary, Carla Peregoy, and made inquiries regarding a letter that Ms. Casterline sent to the presiding judge around November 17, 2010. (D.E. 32, p. 2-5; D.E. 37.) The letter was entitled "Notice of Acceptance of Oath of Office." (D.E. 37, 1.) The letter stated, in part:

> I hereby and herein accept your Oath of Office per Title 28, Part 1, Chapter 21 § 453 titled "Oaths of Justices and Judges." and Title 5, Part III, Subpart B, Chapter 33, Subchapter II § 3331 Oath of office. As it is the policy of the Judges Compensation and Retirement Services of the Administrative Office of the United States District Courts not to relate to the private man/woman any information concerning Federal oaths or bonding information. Failure to provide this information constitutes prima facie evidence and grounds to impose a lien upon the official personally to secure their public oath and service of office.

(Id.) The letter was notarized by Ms. Peregoy, a Notary Acceptor for the San Jacinto Title Company. (Id. at 3.) The return address on the letter envelope was also for Ms. Peregoy at the San Jacinto Title Company in Rockport, Texas.

Any inappropriate communications with the judge, ex parte or otherwise, are automatically turned over to the Marshals. The decision of the Marshals to investigate Plaintiff's letter is pursuant to their standard procedures and does not indicate bias or prejudice towards Plaintiff on the part of the presiding judge. § 144. Because Plaintiff's ground for recusal is not legally sufficient to support a recusal motion under either recusal statute, Plaintiff's motion to disqualify is denied. Stringer, 291 Fed. Appx. at 619.

### IV. Defendant's Motion for Summary Judgment

#### A. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ellison v. Software Spectrum, Inc., 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material

fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; Judwin Props., Inc., v. U.S. Fire Ins. Co., 973 F.2d 432, 435 (5th Cir. 1992).

Pursuant to Fed. R. Civ. P. 56(c)(1), "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

On summary judgment, "[t]he moving party has the burden of proving there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law." Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 246 (5th Cir. 2003); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this burden, "the non-moving party must show that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue concerning every essential component of its case." Rivera, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Willis v. Roche Biomedical Labs., Inc., 61 F.3d 313, 315 (5th Cir. 1995); see also Brown v. Houston, 337 F.3d 539, 541 (5th Cir. 2003) (stating that "improbable inferences and unsupported speculation are not sufficient to [avoid] summary judgment").

Summary judgment is not appropriate unless, viewing the evidence in the light most favorable to the non-moving party, no reasonable jury could return a verdict for that party. Rubinstein v. Adm'rs of the Tulane Educ. Fund, 218 F.3d 392, 399 (5th Cir. 2000).

**B.     Analysis**

As explained below, the Court finds that Plaintiff, who did not respond to Defendant's Motion for Summary Judgment, has failed to make a case to support any of her claims against Defendant. Accordingly, Defendant's summary judgment motion is granted with respect to each of Plaintiff's claims.

**1.     Real Estate Settlement Procedures Act**

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2602 et seq, covers "federally-related mortgage loans" that are secured by residential real estate. A "federally-related mortgage loan" is a loan that is secured by a one-to-four-family dwelling (including a manufactured home) and that is federally-assisted, -insured, or -guaranteed, or made by a federally-regulated or -insured lender or dealers, mortgage brokers and certain other lenders meeting a residential loan volume test. See § 2602.

Pursuant to § 2614, there is a one-year statute of limitations for RESPA actions brought pursuant to §§ 2607 and 2608, and a three-year statute of limitations in the case of a violation of § 2605. Plaintiff has not indicated which section of RESPA Defendant violated. However, she alleges that she entered into her contract with Defendant June 14, 2007. She did not file suit until June 24, 2010. Thus, regardless of which section she claims was violated, her RESPA claims are time-barred because more than three years have passed since Plaintiff's claim accrued.

Plaintiff asserts her RESPA claims are subject to the equitable tolling doctrine. (D.E. 1, p. 10-11.) However, other circuits have found § 2614 to be jurisdictional, and not subject to

equitable tolling. See Hardin v. City Title & Escrow Co., 797 F.2d 1037, 1039-1040 (D.C. Cir. 1986) ("Section 2614 provides no grounds for tolling its time limitation, nor does the Act's legislative history suggest any. Moreover . . . where . . . a time limitation is jurisdictional, the doctrine of equitable tolling does not apply."); see also Zaremski v. Keystone Title Assoc., Inc., 884 F.2d 1391, 1989 WL 100656, at *1 (4th Cir. 1989) (applying Hardin).

Although the Fifth Circuit has not yet ruled on whether equitable tolling applies to RESPA claims, see Snow v. First Am. Title Ins. Co., 332 F.3d 356, 361 n.7 (5th Cir. 2003) ("We therefore express no opinion on[] the question whether Section 2614 is subject to equitable tolling."), Plaintiff has alleged no "rare and exceptional circumstances" that would trigger equitable tolling of her claims under Fifth Circuit law. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Plaintiff does not indicate why she failed to timely file a lawsuit based on the alleged RESPA violations. Accordingly, Plaintiff's RESPA claims are time-barred.

### 2. Truth in Lending Act

The Truth in Lending Act ("TILA"), codified in 15 U.S.C. §1601 et seq, serves two, sometimes competing purposes. On the one hand, the TILA is Congress' major effort at consumer protection legislation, recognizing the consumer's right to be "protected against fraudulent, deceitful, or grossly misleading information, advertising, labeling, or other practices, and to be given the facts he needs to make an informed choice." At the same time, the TILA is designed to protect the "ethical and efficient lender or credit extender," thus "invigorat[ing]" competition. See 109 Cong. Rec. 2029 (1963) (remarks of Sen. Douglas).

Section 1640(e) requires that TILA claims be brought within one year of the date of the loan transaction. § 1640(e). Plaintiff entered into her contract with Defendant June 14, 2007, more than one year before filing this lawsuit. As above, Plaintiff fails to meet her burden to

show "rare and exceptional circumstances" exist indicating that equitable tolling should apply. Davis, 158 F.3d at 811. Accordingly, Plaintiff's TILA claim is time-barred.

### 3. Common Law Fraud

To establish common law fraud under Texas law, a plaintiff "bears the burden to prove the existence of the following: '[1] a material misrepresentation, [2] which was false, and [3] which was either known to be false when made or was asserted without knowledge of the truth, [4] which was intended to be acted upon, [5] which was relied upon, and [6] which caused injury.'" Johnson & Johnson Med., Inc. v. Sanchez, 924 S.W.2d 925, 929-30 (Tex. 1996); see also GeoSurveys, Inc. v. State Nat'l Bank, 143 S.W.3d 220, 226 (Tex. App. Eastland 2004). Allegations of fraud must be stated with particularity. See Fed. R. Civ. P. 9(b).

Here, Plaintiff fails to state how Defendant committed fraud. She does not specifically identify any material misrepresentation made to her by Defendant or satisfy any of the other elements of a fraud claim.

### 4. Common Law Negligence

A common-law negligence claim requires proof of the following three elements: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately resulting from that breach. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002).

Plaintiff has not pled any facts indicating Defendant took actions that breached a duty to Plaintiff proximately causing her damages. In any case, Plaintiff's negligence claim is time-barred. The statute of limitations for negligence is two years from the date of the accrual of the claim. See TEX. CIV. PRAC. & REM. CODE § 16.003; see also Geraghty & Miller, Inc. v. Conoco Inc., 234 F.3d 917, 931 (5th Cir. 2000). Plaintiff's claim accrued June 14, 2007. She did not file suit until June 24, 2010.

### 5. Intentional Infliction of Emotional Distress

To prevail in a suit for intentional infliction of emotional distress ("IIED") in Texas, a plaintiff must show: (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. Burden v. General Dynamics Corp., 60 F.3d 213, 218 (5th Cir. 1995). A defendant is liable for outrageous conduct "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (citing Twyman v. Twyman, 855 S.W.2d 619, 621 (Tex.1993)).

Plaintiff has not alleged any facts or provided any evidence indicating that Defendant's conduct towards her was "extreme or outrageous" or that she suffered emotional distress that was severe in nature. In any case, Plaintiff's IIED claim is time-barred because, under Texas law, "the applicable limitations period for a claim of intentional infliction of emotional distress is two years from the accrual of the cause of action." See Bhalli v. Methodist Hosp., 896 S.W.2d 207, 211 (Tex. App. -- Houston 1995); see also TEX. CIV. PRAC. & REM. CODE 16.003(a).

### 6. Covenant of Good Faith and Fair Dealing

The Texas Supreme Court has consistently held "that a duty of good faith is not imposed in every contract but only in special relationships marked by shared trust or an imbalance in bargaining power." Smith v. Nat'l City Mortg., 2010 U.S. Dist. LEXIS 86221, *36 (W.D. Tex. Aug. 23, 2010) (quoting Federal Deposit Ins. Corp. v. Coleman, 795 S.W.2d 706, 708-09 (Tex. 1990). "The relationship of mortgagor and mortgagee ordinarily does not involve a duty of good faith." Coleman, 795 S.W.2d at 7-9 (citing, e.g., Lovell v. Western Nat'l Life Ins. Co., 754 S.W.2d 298, 302-303 (Tex.App.-Amarillo 1988, writ denied)). "Similarly, the relationship between a creditor and guarantor does not ordinarily import a duty of good faith." Id. (citing

Rodgers v. Tecumseh Bank, 756 P.2d 1223, 1226-27 (Okla.1988) (no duty of good faith and fair dealing between lender and borrower)).

Plaintiff does not allege any facts suggesting she had a special relationship with One West Bank that would give rise to the duty of good faith and fair dealing that the Fifth Circuit has recognized in other contexts. Coleman, 795 S.W.2d at 709. Nor does Plaintiff present any evidence demonstrating a breach of any duty of good faith and fair dealing by Defendant.

### 7. Breach of Fiduciary Duty

To recover for breach of fiduciary duty, a plaintiff must first establish the defendant was the plaintiff's fiduciary. See Myer v. Cuevas, 119 S.W.3d 830, 836 (Tex. App. San Antonio 2003). Fiduciary duties arise either from certain formal relationships that are recognized as fiduciary as a matter of law, or from the existence of an informal, "confidential" relationship between the parties. Insurance Co. of N. Am. v. Morris, 981 S.W.2d 667, 674, 41 Tex. Sup. Ct. J. 1227 (Tex. 1998). The existence of a confidential or fiduciary relationship is ordinarily a question of fact, and the issue only becomes a question of law when it is one of no evidence. Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp., 823 S.W.2d 591, 594, 35 Tex. Sup. Ct. J. 342 (Tex. 1992).

Plaintiff has not presented any evidence that a fiduciary or special relationship exists between herself and Defendant to support a claim for breach of fiduciary duty. Texas courts have held that the relationship between a borrower and lender is not a fiduciary one. Williams v. Countrywide Home Loans, Inc., 504 F. Supp. 2d 176, 192 (S.D. Tex. 2007) (citing 1001 McKinney Ltd. v. Credit Suisse First Boston Mortgage Capital, 192 S.W.3d 20, 36 (Tex. App.-Houston [14th Dist.] 2005, pet. denied) ("Generally, the relationship between a borrower and a lender is an arm's length business relationship in which both parties are looking out for their own

interests."); Mfg. Hanover Trust Co. v. Kinston Inv. Corp., 819 S.W.2d 607, 610 (Tex. App.-Houston. [1st Dist.] 1991, no writ) (holding as a general rule that a "bank and its customers do not have a special or confidential relationship")). Accordingly, Plaintiff's claim for breach of fiduciary duty also fails.

**IV.    Conclusion**

For the reasons stated above, Plaintiff's Motion to Disqualify Judge (D.E. 32) is DENIED. Defendant's Motion for Summary Judgment (D.E. 31) is GRANTED.

SIGNED and ORDERED this 3rd day of January, 2011.

_____
Janis Graham Jack
United States District Judge